**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

COLLIS JOHNSON, as Personal Representative
of the Estate of DANIEL JOHNSON,
Deceased,

       Plaintiff,

       v.                                       No. 1:21-cv-00533-SCY-JHR

THE UNITED STATES OF AMERICA,
and John Does 1 through 10, inclusive,

       Defendants.

**UNITED STATES OF AMERICA'S**
**ANSWER TO COMPLAINT FOR WRONGFUL DEATH**

    Defendant United States of America hereby submits its answer to the Complaint for

Wrongful Death ("Complaint") as follows.

## I.  INTRODUCTION

    1.    In response to paragraph 1 of the Complaint, Defendant United States of America

admits that decedent Daniel Johnson received certain medical care at the Raymond G. Murphy

Veterans Administration Medical Center ("VAMC") in Albuquerque, New Mexico. Defendant

United States denies that any care rendered to decedent Daniel Johnson by any of its employees

was negligent and denies any remaining allegations in paragraph 1.

    2.    Defendant United States of America admits the allegations contained in paragraph

2 of the Complaint.

    3.    Defendant United States of America admits the allegations contained in paragraph

3 of the Complaint.

4.     In response to paragraph 4 of the Complaint, Defendant United States of America admits that, upon information and belief, that Mr. Johnson passed away on December 30, 2018 at 65 years of age. All remaining allegations in paragraph 4 are denied.

5.     In response to paragraph 5 of the Complaint Defendant United States of America is unable to admit or deny the allegations contained therein as no death certificate was attached as an exhibit to the Complaint served on the United States.

6.     Defendant United States of America denies the allegations contained in paragraph 6 of the Complaint.

7.     Defendant United States of America admits the allegations contained in paragraph 7 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

8.     Defendant United States of America denies the allegations contained in paragraph 8 of the Complaint.

9.     Defendant United States of America denies the allegations contained in paragraph 9 of the Complaint.

10.     Defendant United States of America denies the allegations contained in paragraph 10 of the Complaint.

11.     Defendant United States of America denies the allegations contained in paragraph 11 of the Complaint.

12.     Paragraph 12 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant United States of America admits this is an action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§

1346(b), 2401(b), 2671-80. All remaining allegations in paragraph 12 are denied.

## II.  PARTIES

13.     Defendant United States of America denies the allegations contained in paragraph 13 of the Complaint.

14.     In response to paragraph 14 of the Complaint, Defendant United States of America admits that decedent Danial Johnson was a natural person. Defendant United States is without sufficient information to admit or deny the remaining allegations in paragraph 14 and therefore denies the allegations.

15.     In response to paragraph 15 of the Complaint, Defendant United States of America admits that Exhibit 2 of the Complaint, Doc. 1-3, is titled "Order Appointing Personal Representative to Pursue Wrongful Death Claim in Accordance With § 41-2-3 NMSA 1978" and that the document states that Collis Johnson is appointed Wrongful Death Personal Representative of the Estate of Daniel Johnson. The document was not included in the service of the Complaint on the United States. All remaining allegations in paragraph 15 are therefore denied.

16.     Defendant United States of America admits the allegations contained in paragraph 16 of the Complaint.

17.     In response to paragraph 17 of the Complaint, the United States of America admits that the Department of Veterans Affairs, an agency of the federal government, provides health care and other benefits to eligible military veterans. All remaining allegations in paragraph 17 are denied.

18.     In response to paragraph 18 of the Complaint, the United States of America admits that the VAMC is operated by the Department of Veterans Affairs and part of the Veterans Health Administration system. All remaining allegations in paragraph 18 are denied.

19.     In response to paragraph 19 of the Complaint, the United States of America is without sufficient information to admit or deny the allegation as the Complaint describes circumstances occurring at facilities and locations other than the VAMC. The United States therefore denies the allegations contained in paragraph 19.

### III.  JURISDICTION AND VENUE

20.     In response to paragraph 20 of the Complaint, the United States of America admits that it received an administrative claim on behalf of decedent Daniel Johnson. All remaining allegations in paragraph 20 are denied, and the United States further denies that it was served with an Exhibit 3 as identified in paragraph 20.

21.     Defendant United States of America admits the allegations contained in paragraph 21 of the Complaint but denies that it was served with an Exhibit 4 as identified in paragraph 21.

22.     Defendant United States of America admits the allegations contained in paragraph 22 of the Complaint but denies that it was served with an Exhibit 5 as identified in paragraph 22.

23.     Paragraph 23 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant United States of America admits this is an action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80. All remaining allegations in paragraph 23 are denied.

24.     Paragraph 24 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant United States of America admits United States District Courts generally have jurisdiction of civil actions for claims against the United

States for money damages pursuant to 28 U.S.C. § 1346(b)(1).  All remaining allegations in paragraph 24 are denied.

25.     Paragraph 25 of the Comp states a legal conclusion to which no response is required. To the extent a response is required, Defendant United States of America admits that, upon information and belief, the District of New Mexico is the proper venue for the claims articulated in the Complaint.

26.     Paragraph 26 states a legal conclusion to which no response is required. To the extent a response is required, Defendant United States of America states that it unclear what is intended by use of the phrase "in compliance with 28 U.S.C. § 2401(b)" in the context of paragraph 26, but  admits that the Complaint was filed on June 10, 2021.

## IV.  STATEMENT OF FACTS

27.     In response to paragraph 27 of the Complaint, Defendant United States of America admits only that, upon information and belief, that Daniel Johnson passed away on December 30, 2018 at 65 years of age. All remaining allegations in paragraph 27 are denied.

28.      Defendant United States of America admits the allegations contained in paragraph 28 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

29.     Defendant United States of America admits the allegations contained in paragraph 29 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied. Defendant United States of America further denies that all medical providers at the VAMC are employees of the United States of America and/or the VAMC.

30.     Defendant United States of America admits the allegations contained in paragraph 30 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

31.      Defendant United States of America denies the allegations contained in paragraph 31 of the Complaint.

32.     Defendant United States of America admits the allegations contained in paragraph 32 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied. Defendant United States of America specifically denies that it failed to comply with applicable recommendations regarding cancer surveillance.

33.     Defendant United States of America denies the allegations contained in paragraph 33 of the Complaint.

34.     Defendant United States of America denies the allegations contained in paragraph 34 of the Complaint.

35.     Defendant United States of America denies the allegations contained in paragraph 35 of the Complaint.

36.     In response to paragraph 36 of the Complaint, Defendant United States of America admits that Daniel Johnson had been diagnosed with cancer prior to the central events described in the Complaint. In response to the remaining allegations in paragraph 36 of the Complaint, it is unclear what is meant by the use of the phrase "suggested a thorough evaluation with diagnostics for cancer" in the context of the allegation, and therefore all remaining allegations in paragraph 36 are denied.

37.     Defendant United States of America denies the allegations contained in paragraph 37 of the Complaint.

38.     Defendant United States of America denies the allegations contained in paragraph 38 of the Complaint.

39.     Defendant United States of America admits the allegations contained in paragraph 39 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied. Defendant United States of America specifically denies that Daniel Johnson was diagnosed with "recurrent cancer."

40.     Defendant United States of America denies the allegations contained in paragraph 40 of the Complaint.

41.     Defendant United States of America denies the allegations contained in paragraph 41 of the Complaint.

42.     Defendant United States of America denies the allegations contained in paragraph 42 of the Complaint.

43.     Defendant United States of America denies the allegations contained in paragraph 43 of the Complaint.

44.     Defendant United States of America denies the allegations contained in paragraph 44 of the Complaint.

45.     Defendant United States of America denies the allegations contained in paragraph 45 of the Complaint.

46.     Defendant United States of America admits the allegations contained in paragraph 46 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

47.     Defendant United States of America admits the allegations contained in paragraph 47 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

48.     In response to paragraph 48 of the Complaint, the allegation contains no information regarding the date of the information described or who is alleged to have reported the information contained in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 48 of the Complaint.

49.     Defendant United States of America denies the allegations contained in paragraph 49 of the Complaint.

50.     Defendant United States of America admits the allegations contained in paragraph 50 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

51.     Defendant United States of America admits the allegations contained in paragraph 51 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

52.     In response to paragraph 52 of the Complaint, the allegation contains no information regarding the date of the information described or who is alleged to have reported the information contained in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 52 of the Complaint.

53.     Defendant United States of America admits the allegations contained in paragraph 53 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

54.     In response to paragraph 54 of the Complaint, the allegation contains no information regarding the date of the information described or who is alleged to have reported the information contained in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 54 of the Complaint.

55.     Defendant United States of America admits the allegations contained in paragraph 55 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

56.     In response to paragraph 56 of the Complaint, the allegation contains no information regarding the date of the information described or who is alleged to have reported the information contained in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 56 of the Complaint.

57.     In response to paragraph 57 of the Complaint, the allegation contains no information regarding the date of the information described or who is alleged to have reported or advised the information contained in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 57 of the Complaint.

58.     In response to paragraph 58 of the Complaint, the allegation contains no information regarding the date of the information described or who is alleged to have reported the information contained in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 58 of the Complaint.

59.     Defendant United States of America admits the allegations contained in paragraph 59 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

60.     In response to paragraph 60 of the Complaint, the allegation contains no information regarding the date of the information described or who is alleged to have reported or ordered the information contained in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 60 of the Complaint.

61.     Defendant United States of America admits the allegations contained in paragraph 61 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

62.     In response to paragraph 62 of the Complaint, the allegation contains no information regarding the date of the information described in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 62 of the Complaint.

63.     In response to paragraph 63 of the Complaint, the allegation contains no information regarding the date of the information described or who is alleged to have reported or ordered the information contained in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 63 of the Complaint.

64.     Defendant United States of America admits the allegations contained in paragraph 64 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

65.     In response to paragraph 65 of the Complaint, the allegation contains no information regarding the date of the information described or who is alleged to have reported or

ordered the information contained in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 65 of the Complaint.

66.     Defendant United States of America admits the allegations contained in paragraph 66 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

67.     In response to paragraph 67 of the Complaint, the allegation contains no information regarding the date of the information described in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 67 of the Complaint.

68.     In response to paragraph 68 of the Complaint, the allegation contains no information regarding the date of the information described or who is alleged to have reported or ordered the information contained in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 68 of the Complaint.

69.     In response to paragraph 69 of the Complaint, the allegation contains no information regarding the date of the information described or who is alleged to have reported or ordered the information contained in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 69 of the Complaint.

70.     In response to paragraph 70 of the Complaint, the allegation contains no information regarding the date of the information described or who is alleged to have reported the information contained in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 70 of the Complaint.

71.     Defendant United States of America admits the allegations contained in paragraph 71 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

72.     In response to paragraph 72 of the Complaint, the allegation contains no information regarding the date of the information described in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 72 of the Complaint.

73.     In response to paragraph 73 of the Complaint, the allegation contains no information regarding the date of the information described or who is alleged to have reported the information contained in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 73 of the Complaint.

74.     In response to paragraph 74 of the Complaint, the allegation contains no information regarding the date of the information described or who is alleged to have reported or ordered the information contained in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 74 of the Complaint.

75.     Defendant United States of America admits the allegations contained in paragraph 75 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

76.     In response to paragraph 76 of the Complaint, the allegation contains no information regarding the date of the information described in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 76 of the Complaint

77.     In response to paragraph 77 of the Complaint, the allegation contains no information regarding the date of the information described or who is alleged to have reported or ordered the information contained in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 77 of the Complaint.

78.     In response to paragraph 78 of the Complaint, the allegation contains no information regarding the date of the information described or who is alleged to have reported

the information contained in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 78 of the Complaint.

79.     Defendant United States of America admits the allegations contained in paragraph 79 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

80.     In response to paragraph 80 of the Complaint, the allegation contains no information regarding the date of the information described or who is alleged to have reported the information contained in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 80 of the Complaint.

81.     In response to paragraph 81 of the Complaint, the allegation contains no information regarding the date of the information described in the allegation or the who is alleged to have reported the information, and Defendant United States of America therefore denies the allegations in paragraph 81 of the Complaint.

82.     Defendant United States of America admits the allegations contained in paragraph 82 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

83.     Defendant United States of America admits the allegations contained in paragraph 83 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records though no date is provided for the quoted notation. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

84.     In response to paragraph 84 of the Complaint, the allegation contains no information regarding the date of the information described in the allegation or the who is

alleged to have reported the information, and Defendant United States of America therefore denies the allegations in paragraph 84 of the Complaint.

85.     Defendant United States of America admits the allegations contained in paragraph 85 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

86.     In response to paragraph 86 of the Complaint, the allegation contains no information regarding the date of the information described, and Defendant United States of America therefore denies the allegations in paragraph 86 of the Complaint.

87.     In response to paragraph 87 of the Complaint, the allegation contains no information regarding the date of the information described or who is alleged to have reported or ordered the information contained in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 87 of the Complaint.

88.     Defendant United States of America admits the allegations contained in paragraph 88 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

89.     Defendant United States of America admits the allegations contained in paragraph 89 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

90.     In response to paragraph 90 of the Complaint, the allegation contains no information regarding the date of the information described or who is alleged to have noted the information contained in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 90 of the Complaint.

91.     In response to paragraph 91 of the Complaint, the allegation contains no information regarding the date of the information described or who is alleged to have reported or ordered the information contained in the allegation, and Defendant United States of America therefore denies the allegations in paragraph 91 of the Complaint.

92.     Defendant United States of America admits the allegations contained in paragraph 92 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

93.     Defendant United States of America admits the allegations contained in paragraph 93 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

94.     Defendant United States of America admits the allegations contained in paragraph 94 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

95.     In response to paragraph 95 of the Complaint, Defendant United States of America denies that Daniel Johnson "repeatedly reported" the complaints described in paragraph 95. admits the allegations contained in paragraph 95 to the "VA medical staff." Defendant United States admits the remaining allegations of paragraph 95 insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

96.     In response to paragraph 96 of the Complaint, it is unclear whether any allegation is being made against the United States of America. To the extent that one or more allegations are made against the United States in paragraph 96, they are denied.

97.     Defendant United States of America admits the allegations contained in paragraph 97 of the Complaint insofar as the allegations are accurate transcriptions from Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

98.     Defendant United States of America admits the allegations contained in paragraph 98 of the Complaint insofar as the allegations are accurate transcriptions from Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

99.     Defendant United States of America admits the allegations contained in paragraph 99 of the Complaint insofar as the allegations are accurate transcriptions from Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

100.     Defendant United States of America admits the allegations contained in paragraph 100 of the Complaint insofar as the allegations are accurate transcriptions from Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

101.     Defendant United States of America admits the allegations contained in paragraph 101 of the Complaint insofar as the allegations are accurate transcriptions from Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

102.     Defendant United States of America admits the allegations contained in paragraph 102 of the Complaint insofar as the allegations are accurate transcriptions from Daniel Johnson's

medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

103.     Defendant United States of America admits the allegations contained in paragraph 103 of the Complaint insofar as the allegations are accurate transcriptions from Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

104.     In response to paragraph 104 of the Complaint, it is unclear whether any allegation is being made against the United States of America. To the extent that one or more allegations are made against the United States in paragraph 104, they are denied.

105.     Defendant United States of America admits the allegations contained in paragraph 105 of the Complaint insofar as the allegations are accurate transcriptions from Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

106.     Defendant United States of America admits the allegations contained in paragraph 106 of the Complaint insofar as the allegations are accurate transcriptions from Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

107.     In response to paragraph 107 of the Complaint, it is unclear whether any allegation is being made against the United States of America. To the extent that one or more allegations are made against the United States in paragraph 107, they are denied.

108.     Defendant United States of America admits the allegations contained in paragraph 108 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

109.     Defendant United States of America admits the allegations contained in paragraph 109 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

110.     Defendant United States of America admits the allegations contained in paragraph 110 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

111.     Defendant United States of America admits the allegations contained in paragraph 111 of the Complaint insofar as the allegations are accurate transcriptions from Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

112.     Defendant United States of America admits the allegations contained in paragraph 112 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

113.     Defendant United States of America admits the allegations contained in paragraph 113 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

114.     Defendant United States of America admits the allegations contained in paragraph 114 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

115.     Defendant United States of America admits the allegations contained in paragraph 115 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

116.     Defendant United States of America admits the allegations contained in paragraph 116 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

117.     Defendant United States of America admits the allegations contained in paragraph 117 of the Complaint insofar as the allegations are accurate transcriptions from Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

118.     Defendant United States of America admits the allegations contained in paragraph 118 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

119.     Defendant United States of America admits the allegations contained in paragraph 119 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

120.     Defendant United States of America admits the allegations contained in paragraph 120 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

121.     Defendant United States of America admits the allegations contained in paragraph 121 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

122.     Defendant United States of America admits the allegations contained in paragraph 122 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

123.    Defendant United States of America admits the allegations contained in paragraph 123 upon information and belief.

124.    Defendant United States of America denies the allegations contained in paragraph 124 of the Complaint.

125.    Defendant United States of America is without sufficient knowledge to admit or deny the allegations contained in paragraph 125 of the Complaint and therefore denies same.

126.    Defendant United States of America denies the allegations contained in paragraph 126 of the Complaint.

127.    Defendant United States of America is without sufficient knowledge to admit or deny the allegations contained in paragraph 127 of the Complaint as the allegation lacks context as far as the type(s) of cancer and the date of the guideline(s) identified, and therefore denies same.

128.    Defendant United States of America is without sufficient knowledge to admit or deny the allegations contained in paragraph 128 of the Complaint as the allegation lacks context as far as the date or the source of the guideline(s) identified, and therefore denies same.

129.    Defendant United States of America is without sufficient knowledge to admit or deny the allegations contained in paragraph 129 of the Complaint as the allegation lacks context as far as the type(s) of cancer and the date of the guideline(s), and therefore denies same.

130.    In response to paragraph 130 of the Complaint, the allegation lacks any reference to a date or a source for the assessment described, and as result, the United States of America denies the allegation.

131.    Defendant United States of America admits the allegations contained in paragraph 131 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical

records and insofar as "Patient" is intended to refer to Daniel Johnson in paragraph 131. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

132.    Defendant United States of America admits the allegations contained in paragraph 132 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records and insofar as "Patient" is intended to refer to Daniel Johnson in paragraph 132. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

133.    Defendant United States of America admits the allegations contained in paragraph 133 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

134.    Defendant United States of America admits the allegations contained in paragraph 134 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

135.    Defendant United States of America admits the allegations contained in paragraph 135 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

136.    Defendant United States of America admits the allegations contained in paragraph 136 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

137.    Defendant United States of America is without sufficient knowledge to admit or deny the allegations contained in paragraph 137 of the Complaint and therefore denies same.

138.    Defendant United States of America is without sufficient knowledge to admit or deny the allegations contained in paragraph 138 of the Complaint and therefore denies same.

139.    Defendant United States of America is without sufficient knowledge to admit or deny the allegations contained in paragraph 139 of the Complaint and therefore denies same.

140.    Defendant United States of America is without sufficient knowledge to admit or deny the allegations contained in paragraph 140 of the Complaint and therefore denies same.

141.    In response to paragraph 141 of the Complaint, it is unclear whether any allegation is being made against the United States of America. To the extent that one or more allegations are made against the United States in paragraph 141, they are denied.

142.    Defendant United States of America is without sufficient knowledge to admit or deny the allegations contained in paragraph 142 of the Complaint and therefore denies same.

143.    Defendant United States of America admits the allegations contained in paragraph 143 of the Complaint insofar as the allegations are consistent with Daniel Johnson's medical records. Any allegations that are inconsistent with Daniel Johnson's medical records are denied.

144.    Defendant United States of America is without sufficient knowledge to admit or deny the allegations contained in paragraph 144 of the Complaint and therefore denies same.

145.    Defendant United States of America is without sufficient knowledge to admit or deny the allegations contained in paragraph 145 of the Complaint and therefore denies same.

146.    Paragraph 146 of the Complaint appears to contain multiple allegations regarding Daniel Johnson's age, medical history, and medical status at an unidentified point in time, and further alleges specific screening that was not done during a three-year timespan. In the absence of context in paragraph 146, the United States denies any and all allegations contained in paragraph 146 that are inconsistent with Daniel Johnson's medical history or medical treatment.

147.    Defendant United States of America denies the allegation contained in paragraph 147 of the Complaint.

148.    Defendant United States of America denies the allegation contained in paragraph 148 of the Complaint.

149.    In response to paragraph 149 of the Complaint, Defendant United States of America admits that, upon information and belief, Daniel Johnson passed away on December 30, 2018. Defendant United States is without sufficient information to admit or deny the remaining allegations in paragraph 149 and therefore denies same.

## V. RESPONSE TO COUNT I

MEDICAL MALPRACTICE AND NEGLIGENCE

150.    In response to paragraph 150 of the Complaint, Defendant United States of America restates and incorporates its responses and denials to each and every allegation in the preceding paragraphs as if fully set forth herein.

151.    Paragraph 151 of the Complaint contains legal conclusions to which no response is required. To the extent that any response is required, Defendant United States of America admits that New Mexico law describes the duties of healthcare providers to their patients. Defendant United States denies all remaining allegations in paragraph 151 of the Complaint.

152.    Defendant United States of America denies the allegations contained in paragraph 152 of the Complaint.

153.    Defendant United States of America denies the allegations contained in paragraph 153 of the Complaint, including its subparagraphs (a) through (e).

154.    Defendant United States of America denies the allegations contained in paragraph 154 of the Complaint.

155.    Defendant United States of America denies the allegations contained in paragraph 155 of the Complaint.

## VI. RESPONSE TO COUNT II

### NEGLIGENT OPERATION OF A MEDICAL FACILITY

156.    In response to paragraph 156 of the Complaint, Defendant United States of America restates and incorporates its responses and denials to each and every allegation in the preceding paragraphs as if fully set forth herein.

157.    Defendant United States of America denies the allegations contained in paragraph 157 of the Complaint.

158.    Defendant United States of America denies the allegations contained in paragraph 158 of the Complaint.

159.    Defendant United States of America denies the allegations contained in paragraph 159 of the Complaint.

160.    In response to paragraph 160 of the Complaint, Defendant United States of America denies that any negligence occurred as described in the Complaint.

161.    Paragraph 161 of the Complaint makes no reference to any individual and gives no context for its broad allegations, and the United States of America therefore denies the allegations in paragraph 161.

162.    Defendant United States of America denies the allegations contained in paragraph 162 of the Complaint.

163.     Defendant United States of America denies the allegations contained in paragraph 163 of the Complaint.

164.     Defendant United States of America denies the allegations contained in paragraph 164 of the Complaint.

165.     Defendant United States of America denies the allegations contained in paragraph 165 of the Complaint.

166.     Defendant United States of America denies the allegations contained in paragraph 166 of the Complaint.

167.     Defendant United States of America denies the allegations contained in paragraph 167 of the Complaint.

168.     Defendant United States of America denies the allegations contained in paragraph 168 of the Complaint.

## VII. RESPONSE TO COUNT III

NEGLIGENCE

169.     In response to paragraph 169 of the Complaint, Defendant United States of America restates and incorporates its responses and denials to each and every allegation in the preceding paragraphs as if fully set forth herein.

170.     Defendant United States of America denies the allegations contained in paragraph 170 of the Complaint.

171.     Defendant United States of America denies the allegations contained in paragraph 171 of the Complaint.

172.     Defendant United States of America denies the allegations contained in paragraph 172 of the Complaint.

173.     Defendant United States of America denies the allegations contained in paragraph 173 of the Complaint.

174.     Defendant United States of America denies the allegations contained in paragraph 174 of the Complaint.

## VIII. RESPONSE TO COUNT IV

### NEGLIGENT HIRING, TRAINING AND SUPERVISION

175.     In response to paragraph 175 of the Complaint, Defendant United States of America restates and incorporates its responses and denials to each and every allegation in the preceding paragraphs as if fully set forth herein.

176.     Defendant United States of America denies the allegations contained in paragraph 176 of the Complaint.

177.     Defendant United States of America denies the allegations contained in paragraph 177 of the Complaint.

178.     Defendant United States of America denies the allegations contained in paragraph 178 of the Complaint.

179.     Defendant United States of America denies the allegations contained in paragraph 179 of the Complaint.

180.     Defendant United States of America denies the allegations contained in paragraph 180 of the Complaint.

181.     Defendant United States of America denies the allegations contained in paragraph 181 of the Complaint.

182.     Defendant United States of America denies the allegations contained in paragraph 182 of the Complaint.

183.    Defendant United States of America denies the allegations contained in paragraph 183 of the Complaint.

## IX.  RESPONSE TO COUNT V

### RESPONDEAT SUPERIOR AND AGENCY

184.    In response to paragraph 184 of the Complaint, Defendant United States of America restates and incorporates its responses and denials to each and every allegation in the preceding paragraphs as if fully set forth herein.

185.    In response to paragraph 185 of the Complaint, Defendant United States of America admits only that federal law governs the responsibility of the VAMC with respect to its employees acting within the scope of their employment. Defendant United States of America specifically denies that any of its employees was negligent in performing any act articulated in the Complaint. Defendant United States of America denies that it is liable for any act by any individual who was not employed by the United States at all times material to the Complaint.

186.    In response to paragraph 186 of the Complaint, Defendant United States of America admits only that federal law governs the responsibility of the VAMC with respect to its employees acting within the scope of their employment. Defendant United States of America specifically denies that any of its employees was negligent in performing any act articulated in the Complaint. Defendant United States of America denies that it is liable for any act by any individual who was not employed by the United States at all times material to the Complaint.

## X. RESPONSE TO COUNT VI

### RES IPSA LOQUITUR

187.     In response to paragraph 187 of the Complaint, Defendant United States of America restates and incorporates its responses and denials to each and every allegation in the preceding paragraphs as if fully set forth herein.

188.     Defendant United States of America denies the allegations contained in paragraph 188 of the Complaint.

189.     Defendant United States of America denies the allegations contained in paragraph 189 of the Complaint.

190.     Defendant United States of America denies the allegations contained in paragraph 190 of the Complaint.

191.     Defendant United States of America denies the allegations contained in paragraph 191 of the Complaint.

192.     Defendant United States of America denies the allegations contained in paragraph 192 of the Complaint.

## XI.     RESPONSE TO COUNT VII

### DAMAGES

193.     In response to paragraph 193 of the Complaint, Defendant United States of America restates and incorporates its responses and denials to each and every allegation in the preceding paragraphs as if fully set forth herein.

194.     Defendant United States of America denies the allegations contained in paragraph 194 of the Complaint, including its subparagraphs (a) through (d).

195.

## AFFIRMATIVE DEFENSES

The United States of America asserts the following affirmative defenses.

### First Defense

Defendant United States of America denies all allegations contained in the Complaint not specifically admitted herein.

### Second Defense

This Court lacks jurisdiction over any of Plaintiff's claims which were not the subject of an administrative tort claim. 28 U.S.C. § 2675(a).

### Third Defense

The injuries or damages, or both, alleged in the Complaint were not proximately caused by a negligent act or omission of any employee of the United States or deemed employee of the United States, acting within the scope and course of employment.

### Fourth Defense

Defendant United States of America is not liable for prejudgment interest or punitive damages under 28 U.S.C. § 2674.

### Fifth Defense

Recovery is limited to the amount of the administrative claim under 28 U.S.C. § 2675(b), 28 U.S.C. § 1346(b).

### Sixth Defense

Any recovery by Plaintiff is subject to the availability of appropriated funds.  42 U.S.C. § 223(k).

### Seventh Defense

To the extent Plaintiff is entitled to damages, which is denied, damages in this type of

action are limited under the terms of the New Mexico Medical Malpractice Act, NMSA 1978 §

41-5-6 (Repl. Pamp. 2007), and other provisions of the same Act that might apply as

appropriate.

## Eighth Defense

Defendant United States of America is not liable for attorneys' fees except as provided by

the FTCA.

## Ninth Defense

Plaintiff is not entitled to an award of costs except as provided by 28 U.S.C. §2412.

## Tenth Defense

Plaintiff is not entitled to trial by jury against the United States under 28 U.S.C. § 2402.

## Eleventh Defense

To the extent Plaintiff is entitled to damages, which is denied, Plaintiff's entitlement, if

any, should be reduced by any allowable credits or offsets or any benefits paid to Plaintiff by any

agency of the United States of America.

## Twelfth Defense

Defendant United States of America is entitled to have its liability for Plaintiff's

damages, if any, reduced according to New Mexico law of comparative fault pursuant to NMSA

1978 § 41-3A-1.

## Thirteenth Defense

To the extent that Plaintiff alleges negligence or fault on the part of anyone who is not an

employee of the United States acting within the scope of their office or employment, or who was

an independent contractor, this Court lacks jurisdiction.

**Fourteenth Defense**

The negligent acts or omissions of others, known or unknown, over whom the United States had no control, were superseding and intervening causes, such that the chain of causation was broken, and Defendant United States of America therefore cannot be held liable.

**Fifteenth Defense**

Defendant United States of America asserts that it has, or may have, additional affirmative defenses that are not known to Defendant at this time, but may be ascertained through discovery.  Defendant United States of America specifically preserves these and other affirmative defenses as they are ascertained through discovery.

WHEREFORE, Defendant United States of America respectfully requests that the Complaint against it be dismissed with prejudice, that judgment be entered in favor of the United States, and for such other and further relief as the Court deems appropriate in this action.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*/s/ Kimberly Bell 8/20/21*
KIMBERLY BELL
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 224-1519
Kimberly.Bell@usdoj.gov

31

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on **<u>8/20/2021</u>**, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Parrish Collins – COLLINS & COLLINS, P.C.
P.O. Box 506
Albuquerque, NM 87103
parrish@collinsattorneys.com

*/s/ Kimberly Bell*
KIMBERLY BELL
Assistant United States Attorney